1
2
3
4
5
6        UNITED STATES DISTRICT COURT

7              EASTERN DISTRICT OF CALIFORNIA

8
   STEVEN W. ROSE,                    )    1:07-cv-01554-OWW-TAG HC
9                                      )
                    Petitioner,        )    FINDINGS AND RECOMMENDATIONS
10                                     )    TO GRANT RESPONDENT'S MOTION TO
        v.                             )    DISMISS [Doc.  9]
11                                     )
                                       )    ORDER REQUIRING OBJECTIONS TO BE
12   JAMES HARTLEY,                    )    FILED WITHIN TWENTY DAYS
                                       )
13                  Respondent.        )
   _____     )
14

15          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

16   pursuant to 28 U.S.C. § 2254.

17                              **BACKGROUND**[1]

18          Petitioner is currently in the custody of the California Department of Corrections and

19   Rehabilitation pursuant to a judgment of the Superior Court of California, County of Los Angeles,

20   following his 1991 conviction for kidnaping for ransom, a violation of California Penal Code

21   § 209(a).  (Doc. 1, pp. 22-23).   Petitioner is serving a prison term of seven years to life.  (Id.).

22   Petitioner filed the instant petition on October 24, 2007, challenging the July 15, 2005  decision of

23   the Board of Parole Hearings ("the Board") to deny Petitioner parole.  On February 1, 2008,

24   Respondent filed the instant motion to dismiss, contending that Petitioner's claims have never been

25   exhausted in state court and also contending that the petition is untimely under the applicable one-

26   year statute of limitations.  (Doc. 9).

27   _____
         [1]This information is derived from the petition for writ of habeas corpus, Respondent's motion to dismiss the petition,
28   and the exhibits thereto.

**DISCUSSION**

A.  <u>Procedural Grounds for Motion to Dismiss</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  <u>See</u> <u>e.g.</u> <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (1991); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194, n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  <u>Limitation Period for Filing a Petition for Writ of Habeas Corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 326, 117 S.Ct. 2059 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997), <u>overruled on other grounds by</u> <u>Lindh v. Murphy</u>, 521 U.S. 320.  The instant petition was filed on October 24,  2007, and thus is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

1    the applicant was prevented from filing by such State action;

2         (C) the date on which the constitutional right asserted was initially recognized by
     the Supreme Court, if the right has been newly recognized by the Supreme Court and made
3    retroactively applicable to cases on collateral review; or

4         (D) the date on which the factual predicate of the claim or claims presented
     could have been discovered through the exercise of due diligence.
5
6         (2) The time during which a properly filed application for State post-conviction or
     other collateral review with respect to the pertinent judgment or claim is pending shall
     not be counted toward any period of limitation under this subsection.
7
8    28 U.S.C. § 2244(d).

9         In most cases, the limitation period begins running on the date that the petitioner's direct

10   review became final.  In the context of a parole board's decision, however, that date is not self-

11   evident.  The Ninth Circuit has held that the AEDPA's one year statute of limitations, as embodied

12   in § 2244(d)(1), applies to habeas petitions challenging an administrative decision in the context of a

13   parole board determination.  Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004); see Redd v.

14   McGrath, 343 F.3d 1077, 1080, n. 4 (9th Cir. 2003).  Under subsection (d), the limitation period

15   begins to run on "the date on which the factual predicate of the claim or claims presented could have

16   been discovered through the exercise of due diligence."  § 2244(d)(1)(D).  In the context of a parole

17   board decision, the factual basis is the parole board's denial of a petitioner's administrative appeal.

18   Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1082-1083.  Thus, the statute of limitations begins to

19   run the day following the petitioner's notification of the parole board's decision.  Id.  Where the date

20   Petitioner received notice of the parole board's hearing is not part of the record,  Shelby rejected the

21   notion that remand for an evidentiary hearing was required to determine the date on which a

22   petitioner found out about the hearing, apparently establishing instead a presumption that an inmate

23   will in fact receive notice on the day the denial is issued, and that date will be used to calculate the

24   statute of limitations unless the petitioner rebuts that presumption:

25        "Here, as in Redd, Shelby does not dispute that he received timely notice of the denial of his
          administrative appeal on July 12, 2001, and he offers no evidence to the contrary.  Therefore,
26        the limitation period began running the next day."

27   Shelby, 391 F.3d at 1066.

28   ///

1   Here, the Board reached its decision to deny parole to Petitioner and postpone further parole

2   review for another two years on July 15, 2005.  (Doc. 9, Exh. 1).  Petitioner was present at that

3   hearing and was informed at the hearing of the Board's decision.  (Id.).  Normally, the Court would

4   find that, absent any contention by Petitioner that he was not informed of that decision at that time,

5   the one-year period would commence on the following date.  However, the Board's decision states

6   that is will become final on November 12, 2005 and Respondent has conceded that this is the case.

7   (Doc. 9, p. 2; Exh. 1, p. 61).  Thus, the one-year period would have commenced the following day,

8   on November 13, 2005, and would have concluded, absent tolling, on November 13, 2006.  As

9   mentioned, however, Petitioner did not file his petition until October 24, 2007, almost one year *after*

10   the one-year period would have expired.  Thus, unless Petitioner is entitled to some form of tolling

11   for that entire period, the petition is untimely and Respondent's motion to dismiss should be granted.

12   C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

13   Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

14   for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

15   pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  In

16   Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first

17   state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral

18   challenge."[2]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846

19   (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321,

20   1323 (10th Cir. 1999).  The Court reasoned that tolling the limitation period during the time a

21   petitioner is preparing his petition to file at the next appellate level reinforces the need to present all

22   claims to the state courts first and will prevent the premature filing of federal petitions out of concern

23   that the limitation period will end before all claims can be presented to the state supreme court.

24   _____

25   [2]In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999).  Although a Superior Court order denying habeas

26   corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or

27   may instead file an original habeas petition in the Supreme Court.  See id.

28

<u>Nino</u> at 1005.  However, the limitation period is not tolled for the time such an application is pending in federal court.  <u>Duncan v. Walker</u>, 533 U.S. 167, 181-182, 121 S. Ct. 2120 (2001); <u>see</u> <u>Fail v. Hubbard</u>, 272 F.3d 1133, 1135-1136 (9th Cir. 2001).

This statutory tolling will apply if a state petition has been "properly filed."  <u>Artuz v. Bennett</u>, 531 U.S. 4, 8, 121 S. Ct. 361 (2000)(holding that a properly filed state application complies with the applicable laws and rules governing filings, including the form of the application and time limitations).  A state habeas petition is "pending" during a full round of review in the state courts, a period that includes the time between a lower court decision and filing a new petition in a higher court as long as those intervals are "reasonable."  <u>Carey v. Saffold</u>, 536 U.S. 214, 222-224, 122 S.Ct. 2134 (2002).

In <u>Delhomme v. Ramirez</u>, 340 F.3d 817, 820 (9th Cir. 2003), the Ninth Circuit held that a petitioner begins a separate round of review "each time [he] files a new habeas petition at the same or a lower level" of the state court system.  <u>See also</u> <u>Nino</u>, 183 F.3d at 1006-1007 (intervals tolled between state court's disposition of a state habeas petition and the filing of "a petition at the next state appellate level.").  There is no tolling for the period between sets or "rounds" of state habeas petitions.  <u>Biggs v. Duncan</u>, 339 F.3d 1045 (9th Cir. 2003)(no tolling once California Supreme Court denied review).  Nor is a petitioner entitled to continuous tolling when the later petition raises unrelated claims.  <u>Gaston v. Palmer</u>, 447 F.3d 1165 (9th Cir. 2006).  However, if the California Supreme Court denies a petition for failure to allege with sufficient particularity facts warranting habeas relief and allows amendment to comply, petitioner will be entitled to tolling for the period between denial and commencement of next series of petitions if the subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition and the second petition is not denied as untimely.  <u>King v. Roe</u>, 340 F.3d 821, 823 (9th Cir. 2003).

The limitation period is not tolled for the period between finality of the appeal and the filing of an application for post-conviction or other collateral review in state court since no state court application is "pending."  <u>Nino</u>, 183 F.3d at 1006-1007.   Nor is there tolling between finality and the filing of a federal petition.  <u>Id.</u> at 1007.  And, as mentioned previously, the one-year period is not tolled during the pendency of a federal petition.  <u>Duncan</u>, 533 U.S. at 181-182.

1    Here, the record discloses that Petitioner filed the following state habeas petitions

2 challenging the Board's July 15, 2005 decision: (1) petition filed in the Superior Court of Los

3 Angeles County on September 16, 2005, and denied on October 11, 2005;[1] (2) petition filed in the

4 State of California Court of Appeal, Second Appellate District (2nd DCA)  on April 13, 2006, and

5 denied on May 24, 2006; and (3) petition filed in the California Supreme Court on August 11, and

6 denied on February 21, 2007.  (Doc. 9, Exhs. 2-4).

7    The petition filed in the Los Angeles Superior Court had no tolling effect because it was

8 denied prior to the commencement of the one-year statute on November 13, 2005.  Subsequent to

9 November 13, 2005, Petitioner waited 148 days, or until April 10, 2006,[2] to file his next petition in

10 the 2nd DCA.  When that court denied his petition, Petitioner waited another 79 days to file his

11 petition in the California Supreme Court.  Finally, when the California Supreme Court denied his

12 petition, Petitioner waited yet another 245 days to file the instant petition.

13    No tolling is applicable for the period after the California Supreme Court denied review until

14 the instant petition was filed 245 days later.  Thus, Petitioner had only 120 days remaining on his

15 one-year period.  Accordingly, unless Petitioner is entitled to "interval tolling" between the various

16 state petitions, his petition is untimely.

17    In reviewing habeas petitions originating from California, the Ninth Circuit formerly

18 employed a rule that where the California courts did not explicitly dismiss for lack of timeliness, the

19

20    [1]In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final.  See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001).

21

22    [2]In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court

23 clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379 (1988).  The rule is premised on the pro se prisoner' mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to

24 his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271.  The rule is used to assess the timeliness of federal habeas filings under the AEDPA limitation period, however, the Ninth Circuit has yet to address whether the rule applies to the tolling provision of § 2244(d)(2).

25    In his opposition to the instant motion to dismiss, Petitioner has complained that Respondent has calculated the filing

26 dates of the state petitions from the file date stamped by the respective courts, rather than from the mailing date from Petitioner's prison.  As mentioned above, it is unclear whether the "mailbox" rule applies to the AEDPA's tolling provisions.

27 However, giving Petitioner the benefit of the doubt by assuming it does, the Court will use the date indicated by Petitioner when he signed his state petitions sent to the Court of Appeal and the California Supreme Court as the appropriate filings

28 dates.  Unfortunately for Petitioner, as indicated infra, the scant additional days provided by application of the mailbox rule do not make the instant petition timely.

petition was presumed timely and was deemed "pending."  In <u>Evans v. Chavis</u>, 546 U.S. 189, 126 S.Ct. 846 (2006), the Supreme Court rejected this approach, requiring instead that the lower federal courts determine whether a state habeas petition was filed within a reasonable period of time.  Evans, 546 U.S. at 198 ("That is to say, without using a merits determination as an 'absolute bellwether' (as to timeliness), the federal court must decide whether the filing of the request for state court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'").  However, "'[w]hen a post-conviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).'"  <u>Bonner v. Carey</u>, 425 F.3d 1145, 1148 (9th Cir. 2005)(quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 414, 125 S. Ct. 1807 (2005)).  <u>See also</u> <u>Carey v. Saffold</u>, 536 U.S. at 226.

Therefore, under the analysis mandated by the Supreme Court's decisions in <u>Pace</u> and <u>Evans</u>, this Court must first determine whether the 2nd DCA and the California Supreme Court denied Petitioner's habeas applications as untimely.  If so, that is the end of the matter for purposes of statutory tolling because then those petitions were never properly filed and Petitioner would not be entitled to any period of tolling under § 2242(d)(2).  <u>Bonner</u>, 425 F.3d at 1148-1149.  However, even if the 2nd DCA and the California Supreme Court did not deny the habeas petitions filed in those courts as untimely, this Court is now charged with the duty of independently determining whether Petitioner's request for state court collateral review, in each of those instances, was made within what California would consider a "reasonable time."  <u>Evans</u>, 546 U.S. at 197-198.  If it was, then the state petitions were properly filed and the statute of limitations under § 2242(d)(2) was tolled during that period.

In <u>Evans</u>, the Supreme Court found that a six-month delay was unreasonable.  <u>Id.</u>  The Supreme Court, recognizing that California did not have strict time deadlines for the filing of a habeas petition at the next appellate level, nevertheless indicated that most states provide for a shorter period of 30 to 60 days within which to timely file a petition at the next appellate level.  <u>Evans</u>, 546 U.S. at 201.  Following the Supreme Court's suggestion, this Court assumes, arguendo, that a 60 day delay would be near or at the outer limits of what the Supreme Court would consider reasonable.

1    Here, the delay between the commencement of the one-year statute on November 13, 2005

2    and the filing, under the "mailbox" rule, of the second petition in the Court of Appeal on April 10,

3    2006 was 148 days.  Under the implicit guidelines in Evans, which requires the district court to

4    conduct its own independent inquiry into the timeliness of state petitions, 546 U.S. at 198,[3] this

5    148 day interval was unreasonable and therefore are not entitled to tolling.  Id. at 201; Culver v.

6    Director of Corrections, 450 F.Supp. 2d 1135, 1140-1141 (C.D. Cal. 2006)(delays of 97 and 71 days

7    unreasonable); Forrister v. Woodford, 2007 WL 809991, *2-3 (E.D. Cal. March 15, 2007)(88 day

8    delay unreasonable).  Since Petitioner had only 120 days remaining on his one-year period, the 148

9    day delay makes the instant petition untimely and therefore the Court need not decide whether

10   Petitioner is entitled to interval tolling for the time between the denial of his petition in the

11   intermediate appellate court and filing in the California Supreme Court.

12   However, in the interest of clarity and thoroughness, the Court will address that issue as well.

13   As mentioned, Petitioner waited 79 days after the denial by the 2nd DCA to sign and mail his

14   petition to the California Supreme Court.  For the reasons set forth above, the Court finds that

15   a 79-day delay is well beyond the 30-60 day period the United States Supreme Court has suggested

16   was reasonable.  Accordingly, Petitioner is not entitled to interval tolling for those 79 days.

17   Moreover, as with the second petition, because the delay preceding its filing was unreasonable, the

18   petition itself was not "properly filed" under the AEDPA and is therefore not entitled to statutory

19   tolling.  The logical outcome of this analysis is that Petitioner is not entitled to statutory tolling for

20   any of the time period from the commencement of the statute until the filing of the federal petition.

21   Thus, the petition is untimely by almost one year.

22       D.  Equitable Tolling

23   The limitation period is subject to equitable tolling if "extraordinary circumstances beyond a

24   prisoner's control" have made it impossible for the petition to be filed on time.  Calderon v. United

25   States District Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998)(citing Alvarez-Machain v. United

26

27       [3]In Evans, the high court held that when the state court denies a state habeas petition without any explanation or
     indication as to timeliness, the federal court must conduct its own inquiry to determine whether the state habeas petition was
28   filed within "a reasonable time."  546 U.S. at 189.

1   States, 107 F.3d 696, 701 (9th Cir. 1997)); Calderon v. United States District Court (Beeler), 128

2   F.3d 1283, 1288 (9th Cir. 1997)(noting that "[e]quitable tolling will not be available in most cases,

3   as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's

4   control make it impossible to file a petition on time"). "When external forces, rather than a

5   petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the

6   statute of limitations may be appropriate." Id.; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.

7   1999).

8           Petitioner contends that he is entitled to equitable tolling because of losing the services of his

9   "jailhouse lawyer," because he did not have access at some point to his legal materials, and because

10  of various problems associated with prison life such as prison lockdowns and overcrowding.

11  However, unpredictable lockdowns,  or even law library closures do not constitute extraordinary

12  circumstances warranting equitable tolling.  For these reasons, this Court finds that Petitioner's

13  vague allegations of the hindrances of prison lockdowns and limited access to his legal materials do

14  not warrant equitable tolling in this case. See United States v. Van Poyck, 980 F.Supp. 1108, 1111

15  (C.D. Cal.1997) (inability to secure copies of transcripts from court reporters and lockdowns at

16  prison lasting several days and allegedly eliminating access to law library were not extraordinary

17  circumstances and did not equitably toll one-year statute of limitations); Atkins v. Harris, 1999 WL

18  13719, *2 (N.D. Cal. January 7, 1999) ("lockdowns, restricted library access and transfers do not

19  constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations.

20  Prisoners familiar with the routine restrictions of prison life must take such matters into account

21  when calculating when to file a federal [habeas] petition.... Petitioner's alleged lack of legal

22  sophistication also does not excuse the delay."); Giraldes v. Ramirez-Palmer, 1998 WL 775085, *2

23  (N. D. Cal. November 3, 1998) (holding that prison lockdowns do not constitute extraordinary

24  circumstances warranting equitable tolling).

25          Petitioner's indigent status, his loss of the services of a "jailhouse lawyer," and his limited

26  legal knowledge is no different than the majority of incarcerated prisoners attempting to file petitions

27  for writ of habeas corpus.  Such circumstances are not "extraordinary" but rather the "norm," and do

28  not justify equitable tolling.  If limited resources and legal knowledge were valid excuse for not

1  complying with the limitation period, the enactment of the AEDPA's limitation period would be

2  futile, since most incarcerated prisoners have these same problems.  Thus, the limitation period

3  should not be equitably tolled.

4      Moreover, equitable tolling applies only where prisoner has diligently pursued claims, but

5  has in some "extraordinary way" been prevented from asserting his rights.  The Court must further

6  consider Petitioner's diligence in pursuing his claims.  The Court has already concluded that

7  Petitioner's delays in filing his state petitions in the 2nd DCA and the California Supreme Court

8  were so lengthy as to be unreasonable and preclude statutory tolling under the AEDPA.  Implicit in

9  that finding is that Petitioner has not been diligent in prosecuting his claim, despite his protestations

10 to the contrary.  Moreover, nothing in the record suggests that Petitioner was otherwise prevented

11 from diligently pursuing his state remedies.  A petitioner who fails to act diligently cannot invoke

12 equitable principles to excuse his lack of diligence. See  Baldwin County Welcome Center v. Brown,

13 466 U.S. 147, 151, 104 S. Ct. 1723 (1984); see also Miles, 187 F.3d at 1107.   For all of these

14 reasons, Petitioner is not entitled to equitable tolling.[4]

15                                   **RECOMMENDATIONS**

16      Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss (Doc. 9), be

17 GRANTED and that the instant petition be dismissed as untimely under  28 U.S.C. § 2244(d).

18      These findings and recommendations are submitted to the United States District Judge

19 assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the

20 Local Rules of Practice for the United States District Court, Eastern District of California.  Within

21 twenty (20) days after being served with a copy of these findings and recommendations, any party

22 may file written objections with the Court and serve a copy on all parties.  Such a document should

23 be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the

24 objections shall be served and filed within ten (10) court days (plus three days if served by mail)

25 after service of the objections.  The District Judge will then review the Magistrate Judge's ruling

26 pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within

27

28      [4]Respondent also contends that the petition should be dismissed for lack of exhaustion.  However, because  the
petition is untimely under the AEDPA, the Court need not address this additional basis for dismissing the petition.

1  the specified time may waive the right to appeal the District Judge's order.  <u>Martinez v. Ylst</u>, 951

2  F.2d 1153 (9th Cir. 1991).

3

4  IT IS SO ORDERED.

5  Dated:   **July 11, 2008**                                          <u>      **/s/ Theresa A. Goldner**      </u>
                                                                        UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28